IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS E. KELLER and
MARY JO KELLER,

    Plaintiffs,

v.                            Civil Action No. 5:12CV152
                                      (STAMP)
RYAN E. TEMPLE and
APEX PIPELINE SERVICES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND AND
GRANTING MOTIONS TO AMEND COMPLAINT**

I.  Procedural History

The plaintiffs originally filed the above-styled civil action in the Circuit Court of Tyler County, West Virginia. Plaintiff Thomas E. Keller asserts a claim against Ryan E. Temple ("the defendant") for personal injuries arising out of an automobile accident, which he alleges was the result of the negligence of the defendant. Plaintiff Mary Jo Keller is plaintiff Thomas E. Keller's wife and she asserts a claim against the defendant for loss of consortium. Together the plaintiffs seek compensatory and general damages for these claims. The complaint alleges that the plaintiffs are residents of Tyler County, West Virginia, and the defendant is a resident of Belmont County, Ohio.

Before filing an answer, the defendant removed the action to this Court. The defendant asserts that he properly removed the action to this Court based on diversity jurisdiction. Thereafter,

the plaintiffs filed a motion to remand. The plaintiffs argue that remand is required because the defendant failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Moreover, the plaintiffs argue that this Court must remand the case because the defendant also failed to establish that the amount in controversy exceeds $75,000.00.

The defendant then responded in opposition to the plaintiffs' arguments. First, the defendant argues that by attaching the complaint to his notice of removal, he did meet his burden of establishing that the amount in controversy exceeds $75,000.00. Further, the defendant asserts that plaintiffs' counsel has indicated that Mr. Keller may have medical bills totaling around $100,000.00, and the defendant also has medical billing documents to prove this. Next, the defendant argues that the plaintiffs have essentially agreed to the jurisdiction of this Court by filing discovery requests. Lastly, the defendant notes that he is willing to consider agreement to the motion to remand if the plaintiffs are willing to stipulate that they are not seeking to recover more than $75,000.00. The plaintiffs did not file a reply to the defendant's response to their motion to remand.

The plaintiffs did not file a reply to the defendant's response to their motion to remand, but did thereafter file two separate motions to amend the complaint. The plaintiffs' first motion to amend the complaint seeks to add a claim for negligent

infliction of emotional distress on behalf of Mrs. Keller. In support of this motion, the plaintiffs assert that new facts have come to their counsel's attention concerning Mrs. Keller's proximity to the accident. The defendant did not file a response opposing this amendment.

The plaintiffs' second motion to amend the complaint concerns adding an additional party to the complaint. Specifically, the plaintiffs seek to add Apex Pipeline Services ("Apex") to the complaint. The plaintiffs assert that this is the defendant's employer. The plaintiffs argue that it is proper to add his employer to the complaint because at the time of the accident, the defendant was driving to his employer's site as a requirement of his job. The plaintiffs assert that this was a special trip and the trip was foreseeable and an essential condition of the defendant's employment. Therefore, the plaintiffs argue that Apex is vicariously liable for the actions of its employee -- the defendant. The defendant did not file a response to this motion either, but he did file an amended answer, wherein he addressed both potential amendments.

For the reasons that follow, this Court will grant the plaintiffs' motions to amend their complaint, but deny the plaintiffs' motion to remand.

## II. <u>Facts</u>[1]

On or about August 17, 2012, the defendant and plaintiffs were driving on a public road known as Route 18 in Middlebourne, Tyler County, West Virginia. The defendant, as alleged by the plaintiffs, was driving on this road as a special condition of his employment with Apex and Apex supplied the fuel for the defendant to do so. The plaintiffs allege that while on this road, the defendant drove his vehicle or caused his vehicle to be driven into Mr. Keller's vehicle. Mrs. Keller was traveling in a separate vehicle following directly behind her husband and as a result, the plaintiffs allege that she witnessed the entire accident and its aftermath.

The plaintiffs allege that as a result of the defendant's negligence, Mr. Keller sustained injuries to his head, neck, back, shoulder, leg, arm, and various other parts of his body. Some of these injuries may be permanent in nature. Further, the plaintiffs assert that Mrs. Keller has suffered and will continue to suffer from emotional distress as a result of the defendant's negligence due to her witnessing the accident. The plaintiffs also assert that Mrs. Keller has suffered a loss of consortium due to the defendant's negligence.

---

[1] For the purposes of this opinion, this Court adopts, for the most part, the facts as set forth by the plaintiffs in their complaint and amended complaints.

III.  Applicable Law

A.  Motion to Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Specifically, with regard to the amount in controversy, although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of

5

action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. <u>Chase v. Shop 'N Save Warehouse Foods</u>, 110 F.3d 424, 428 (7th Cir. 1997).

B. <u>Motion to Amend</u>

Federal Rule of Civil Procedure 15(a)(1) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Ward Elec. Serv. v. First Commercial Bank</u>, 819

6

F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

IV. Discussion

A. Motion to Remand

1. Jurisdictional Allegations

The plaintiffs' first argument concerning their motion to remand is that the defendant's notice of removal is lacking an allegation pertaining to the amount in controversy. Therefore, the plaintiffs assert that this Court must remand the plaintiffs' case to state court. In response, the defendant states that while the notice of removal itself does not contain an allegation regarding the amount in controversy, the plaintiffs' complaint which was attached to the notice does appear to allege that the plaintiffs are seeking to recover an amount exceeding $75,000.00.

According to § 1446(a), a notice of removal must only contain "a short and plain statement of the grounds from removal." The United States Court of Appeals for the Fourth Circuit has found that such a requirement is "deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the federal Rules of Civil Procedure." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199 (4th Cir. 2008) (citation omitted). As such, a district court should not require "a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." Id. at

7

200. Therefore, in the notice of removal, the removing party should allege that the parties are of diverse citizenship and that the matter in controversy exceeds $75,000.00, as the same is required of a plaintiff when filing a complaint in federal court. Id.

The defendant does indicate, without directly stating, that his removal is based on diversity by directly quoting 18 U.S.C. § 1332(a) in his notice of removal. He specifically quoted the requirement that "the matter in controversy exceed[] the sum or value of $75,000." 18 U.S.C. § 1332(a). The defendant, however, does not directly state that the matter in controversy in this particular case meets such requirement. The defendant's argument is that the plaintiffs' complaint, which was attached to the defendant's notice of removal, appears to allege the plaintiffs are seeking to recover over $75,000.00 and therefore, the plaintiffs are incorrect in that no allegations exist in the notice of removal regarding the amount in controversy.

This Court finds that the defendant's use of § 1332(a)'s language in the notice of removal, along with the plaintiffs' attached complaint, is sufficient to satisfy the notice of removal pleading requirements. The plaintiffs' complaint makes allegations of extensive and even permanent injuries, along with requests for various types of damages. See ECF No. 1 Ex. 1 *2-3. As another court aptly stated "authority and common sense teach that a court

can look to the state court Complaint to find any jurisdictional allegations missing from the face of a Notice of Removal" because without doing so "the Court would elevate form over substance." Herod v. Fisher & Son Inc., No. 3:12-CV-712, 2012 WL 5729106 at *4 (E.D. Va. Nov. 15, 2012).

    2.   <u>Amount in Controversy</u>

The plaintiffs next argue that the defendant has failed to establish that the amount in controversy exceeds $75,000.00. The plaintiffs assert that the notice of removal is devoid of any allegations regarding value, and the defendant has failed to come forward with any proof from any source that could satisfy his burden of establishing such value. In response to this argument, the defendant states that on September 13, 2012, which is prior to the removal, the defendant received a letter from plaintiffs' counsel stating that Mr. Keller's medical bills were estimated to be around $100,000.00. Further, the defendant indicates that the defendant has also received medical billing documents from the hospital where Mr. Keller was treated after the accident. These medical bills are date stamped as received on September 11, 2012, by the Nationwide Insurance Claims Department.

As stated above, the burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence"

standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins</u>, 861 F. Supp. at 23. In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u> The Court, however, is limited to examining only evidence that was available at the moment the petition for removal was filed. <u>Chase</u>, 110 F.3d at 428.

After review of the pleadings, as well as the entire record in this case, this Court disagrees with the plaintiffs. This Court finds that the defendant has met his burden by producing two informative pieces of evidence, both of which were received by the defendant prior to removal. The letter from plaintiffs' counsel indicating that he estimated Mr. Keller's medical bills to be around $100,000.00 provides sufficient evidence that the plaintiffs are seeking more than $75,000.00, as the plaintiffs' complaint lists Mr. Keller's medical bills as part of their damages. <u>See</u> ECF No. 1 Ex. 1 *2. Further, this letter was dated September 13, 2012, which is almost a month prior to the October 10, 2012 removal date. Thus, because the letter was available at the time of removal, this Court properly considered it when reviewing the record. The same

is true of the medical billing documents received by the defendant on September 11, 2012 from Mr. Keller's treating hospital. Again, medical bills are listed in the plaintiffs' complaint as part of the plaintiffs' damages and the documents were received almost a month prior to removal. Therefore, based on the record which includes these two pieces of evidence, this Court finds that the defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

B.  Motion to Amend

The plaintiffs filed two motions to amend their complaint. The first seeks to add an additional claim and the second seeks to add an additional party. The plaintiffs' motion seeking to add an additional claim, specifically seeks the addition of a claim for negligent infliction of emotional distress on behalf of Mrs. Keller. In support of this motion, the plaintiffs assert that new facts have come to their counsel's attention concerning Mrs. Keller's proximity to the accident. The plaintiffs' motion to amend the complaint to add an additional party specifically seeks to add Apex, the defendant's alleged employer. In support of this addition, the plaintiffs assert that based on the circumstances of the accident Apex is vicariously liable for the actions of its employee. The defendant did not file a response to either motion to amend but instead filed an amended answer taking into account the additional claim and additional party. See ECF No. 23.

11

Accordingly, this Court deems this motion unopposed, and grants the plaintiffs' motions to amend the complaint.

## V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand (ECF No. 5) is DENIED. The plaintiffs' motions to amend the complaint (ECF Nos. 20 and 21) are GRANTED as unopposed. The plaintiffs are DIRECTED to serve the newly joined defendant with the amended complaint.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   April 30, 2013

>                         /s/ Frederick P. Stamp, Jr.
>                         FREDERICK P. STAMP, JR.
>                         UNITED STATES DISTRICT JUDGE