IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS E. KELLER and
MARY JO KELLER,

      Plaintiffs,

v.                               Civil Action No. 5:12CV152
                                              (STAMP)
RYAN E. TEMPLE and
APEX PIPELINE SERVICES, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT APEX PIPELINE SERVICES, INC.'S
MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

The plaintiffs, husband and wife, originally filed the above-styled civil action in the Circuit Court of Tyler County, West Virginia alleging claims of negligence and loss of consortium arising out of an automobile accident involving defendant Ryan E. Temple ("Temple") and plaintiff Thomas E. Keller ("Mr. Keller"). Defendant Temple then removed the action to this Court. Thereafter, the plaintiffs filed a motion to remand and two separate motions to amend their complaint.

This Court denied the motion to remand, finding that defendant Temple satisfied the pleading requirements for a notice of removal and established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. This Court then granted the plaintiffs' motions to amend. The first amendment concerned the addition of a claim for negligent infliction of emotional distress

on behalf of plaintiff Mary Jo Keller ("Mrs. Keller"), as she allegedly witnessed the entire sequence of events leading up to, and including the collision.   The second amendment adds an additional defendant, Apex Pipeline Services, Inc. ("Apex"), as a defendant.   The plaintiffs assert that Apex is defendant Temple's employer and is liable based on the doctrine of respondeat superior.

The plaintiffs then served Apex with the amended complaint and Apex filed an answer.   Thereafter, Apex filed a motion for summary judgment.   Apex argues that it is entitled to summary judgment because: (1) it did not provide defendant Temple with fuel or any other amenities for his personal vehicle and as such, defendant Temple was not acting within the scope of his employment at the time of his accident; and (2) defendant Temple was involved in the accident while making his normal and routine trip to work and was thus, not acting within the scope of his employment.

The plaintiffs responded in opposition, arguing that (1) Apex's motion for summary judgment should be denied as premature because there has not been adequate time for discovery; and (2) Apex's motion should be denied because questions of fact predominate regarding the place of injury being brought within the scope of employment given the particular circumstances of defendant Temple's employment with Apex.

Apex filed a timely reply contesting the plaintiffs'
arguments. The motion is now fully briefed and ripe for
disposition. For the reasons stated below, this Court grants
Apex's motion for summary judgment and, accordingly, dismisses Apex
from this action.

## II.   Facts[1]

On or about August 17, 2012, defendant Temple and the
plaintiffs were driving on a public road known as Route 18 in
Middlebourne, Tyler County, West Virginia. The plaintiffs allege
that defendant Temple was driving on this road as a special
condition of his employment with Apex. Specifically, defendant
Temple was allegedly driving on that road to get to what is
referred to as the Centerpoint warehouse. According to defendant
Temple's employment contract, employees of Apex were required to
report to such a warehouse prior to being transported to the work
site for the day. The plaintiffs also allege that Apex supplied
the fuel for defendant Temple's truck, which he was driving to the
Centerpoint warehouse. While on the road to the Centerpoint
warehouse, defendant Temple allegedly drove his vehicle or caused
his vehicle to be driven into Mr. Keller's vehicle. According to
the plaintiffs, Mrs. Keller was traveling in a separate vehicle
following directly behind her husband and as a result, the

---

[1]For the purposes of this opinion, this Court adopts, for the
most part, the facts as set forth by the plaintiffs in their
amended complaint.

plaintiffs allege that she witnessed the entire accident and its aftermath.

The plaintiffs allege that as a result of defendant Temple's negligence, Mr. Keller sustained injuries to his head, neck, back, shoulder, leg, arm, and various other parts of his body.  Some of these injuries may be permanent in nature.  Further, the plaintiffs assert that Mrs. Keller has suffered and will continue to suffer from emotional distress as a result of defendant Temple's negligence due to her witnessing the accident.  The plaintiffs also assert that Mrs. Keller has suffered a loss of consortium due to defendant Temple's negligence.   Together the plaintiffs seek compensatory and general damages for these claims.

### III.   Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely
> disputed must support the assertion by:
>     (A) citing to particular parts of materials in the
> record, including depositions, documents, electronically
> stored   information,   affidavits   or   declarations,
> stipulations . . . admissions, interrogatory answers, or
> other materials; or
>     (B)   showing   that   the   materials   cited   do   not
> establish the absence or presence of a genuine dispute,
> or that an adverse party cannot produce admissible
> evidence to support the fact.

Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come

forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial." Celotex, 477 U.S. at 322.
In reviewing the supported underlying facts, all inferences must be
viewed in the light most favorable to the party opposing the
motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475
U.S. 574, 587 (1986).

IV.   Discussion

A.   Premature Motion for Summary Judgment

The plaintiffs first argue that Apex's motion for summary
judgment is premature and should be denied to allow for sufficient
discovery.  The plaintiffs argue that this fact alone supports the
denial of Apex's motion for summary judgment. Generally, "summary
judgment is appropriate only after adequate time for discovery."
Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961
(4th Cir. 1996) (internal quotations and citations omitted).  "If
a party believes that more discovery is necessary for it to
demonstrate a genuine issue of material fact, the proper course is
to file a Rule [56(d)] affidavit stating 'that it could not
properly oppose a motion for summary judgment without a chance to
conduct discovery.'"[2]  Harrods Ltd v. Sixty Internet Domain Names,
302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans, 80 F.3d at 961).

_____

[2]While Harrods and cases prior to the 2010 Amendments to the
Federal Rules of Civil Procedure refer to these affidavits as Rule
56(f) affidavits, such affidavits are now properly filed pursuant
to Rule 56(d) which "carries forward without substantial change the
provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory
committee's note; see also Radi v. Sebelius, 434 F. App'x 177, 178
n.1 (4th Cir. 2011).

The United States Court of Appeals for the Fourth Circuit has stated that a failure to file a Rule 56(d) affidavit "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Id. (internal quotations and citations omitted).  The failure to file a Rule 56(d) affidavit, however, may be excused "if the nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit,' and if the nonmoving party was not lax in pursuing discovery." Id. at 244-45 (quoting First Chicago Int'l v. United Exchange Co., 836 F.3d 1375, 1380 (D.D.C. 1988)).

Here, the plaintiffs failed to file a Rule 56(d) affidavit. Instead, the plaintiffs state generally that no meaningful discovery has yet occurred, and that they are not in possession of defendant Temple's employment contract or any other discovery from Apex that would completely "illuminate" the issue of respondeat superior liability.  This statement provided in the plaintiffs' response to Apex's summary judgment motion is not the functional equivalent of a Rule 56(d) affidavit.  An affidavit under Rule 56(d) must "must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain." Radi, 434 F. App'x at 178.  While the plaintiffs do state that they seek defendant Temple's employment contract, they have not explained why they could not obtain such discovery prior to responding to the summary judgment

motion.  Accordingly, based on this fact alone, this Court could decline the plaintiffs request for further discovery.

Further, this Court notes that Apex provided defendant Temple's employment contract in its reply in support of its summary judgment motion, which Apex asserts supports its motion.  <u>See</u> ECF No. 52 Ex. A.  After receipt of a copy of this employment contract, the plaintiffs did not seek to file a surreply to contest Apex's argument.  When a Rule 56(d) affidavit seeks additional evidence that would not create a genuine issue of material fact sufficient to defeat summary judgment, the additional time for discovery should be denied.  <u>See</u> <u>Strag v. Bd. of Trs., Craven Cmty. Coll.</u>, 55 F.3d 943, 954 (4th Cir. 1995) ("The denial of a Rule 56(f) motion for extension should be affirmed where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.").  This Court finds that the employment contract does not create a genuine issue of material fact, and instead supports this Court's finding below that no genuine issue of material fact exists as to whether defendant Temple was acting within the scope of employment.  Thus, even if the plaintiff's response was equivalent to a Rule 56(d) affidavit, this Court need not grant additional time for discovery.

B.   <u>Respondeat Superior -- Scope of Employment</u>

The plaintiffs next argue that, even without further discovery, Apex is liable for the allegedly negligent actions of defendant Temple and thus, liable for the damages caused by such actions based on the theory of respondeat superior liability.   "The fundamental rule in West Virginia is that if it can be shown that an individual is an agent and if he is acting within the scope of his employment when he commits a tort, then the principal is liable for the tort as well as the agent."   <u>Barath v. Performance Trucking Co., Inc.</u>, 424 S.E.2d 602, 605 (W. Va. 1992); <u>see also</u> <u>Griffith v. George Transfer & Rigging, Inc.</u>, 201 S.E.2d 281, 287 (W. Va. 1973) ("The universally recognized rule is that an employer is liable to a third person for any injury to his person or property which results proximately from tortious conduct of an employee acting within the scope of his employment.").

"'Scope of employment' is a relative term and requires a consideration of surrounding circumstances including the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act."   <u>Griffith</u>, 201 S.E.2d at 288.   Apex argues that it cannot be held liable for defendant Temple's actions because defendant Temple was not acting within the scope of employment at the time of the accident.   Apex agrees that at the time of the accident, defendant Temple was driving to work.   Apex argues that merely driving to or from work,

9

however, is not within the scope of employment, and no special circumstances are present in this action which would allow for a deviation from this rule.  The plaintiffs argue that other jurisdictions have found an employee to be within the scope of employment under the unique circumstances attendant in the oil and gas business and assert that such a rule should be applied in this situation.

In West Virginia, respondeat superior liability is generally not applicable while the employee is coming from or going to work. Courtless v. Jolliffe, 507 S.E.2d 136, 141 (W. Va. 1998).  This is referred to as the "going and coming rule." Id.  The idea behind this rule "is that the employee is being exposed to a risk identical to that of the general public; the risk is not imposed by the employer." Brown v. City of Wheeling, 569 S.E.2d 197, 202 (W. Va. 2002).  This rule, however, may be altered "where additional evidence exists linking the employer to the accident[,]" such as when the use of the roadway is required in the performance of the employee's duties for the employer, when the employee is rendering an express or implied service to the employer, or when there is an incidental benefit to the employer that is not common to ordinary commuting trips. Courtless, 507 S.E.2d at 141-142.

This Court first recognizes that the employment contract did require defendant Temple to report to the Centerpoint warehouse. Once he arrived at the Centerpoint warehouse, he would then be

taken to the work site.  This Court, however, is not persuaded that the requirement of driving to the Centerpoint warehouse is any different or uncommon than a requirement that any employee report to a certain destination to begin work.  Defendant Temple's contract states that the employee's time "shall start when they leave the warehouse for the job site."  ECF No. 52 Ex. A.  Thus, once defendant Temple's transportation departed the Centerpoint warehouse, his time started.  Effectively, defendant Temple started work after he arrived at the Centerpoint warehouse.  There is nothing unique about these circumstances that would allow this Court to deviate from the general going and coming rule or find that such circumstances fall into an exception of the rule.[3]

Further, the plaintiffs seem to assert that Apex would be liable if the gas in defendant Temple's truck was supplied by Apex. This Court notes that there is contradicting evidence on this matter.  At defendant Temple's initial deposition, he indicated that Apex did provide him with gas for his personal truck.  ECF No. 50 Ex. B.  Defendant Temple later recanted this testimony and made

---

[3]This Court notes that the plaintiffs do cite case law from other states regarding the unique aspects of the oil and gas industry and respondeat superior liability, which they assert is applicable in this situation.  Such case law, while dealing with the subject of respondeat superior liability, deals with clearly distinguishable circumstances from those present in this action. These distinguishing aspects are thoroughly explained by Apex in its reply in support of its motion for summary judgment, and this Court does not feel it necessary to elaborate further on the uncontrolling case law.

himself available for a second deposition, where he testified that while other employers he had worked for in the past did provide gas to their workers, Apex did not.  ECF No. 50 Ex. C.  Apex also provided further support for the contention that it never provided gas for defendant Temple's personal vehicle through including two additional affidavits with its motion for summary judgment.  One affidavit provided by Apex was from an Apex foreman, Randy Epling, and the other affidavit was from Apex president, Kelly Moss.  Both of these individuals asserted that to their knowledge, defendant Temple was not provided with gas for his personal vehicle and it was not Apex's policy to provide gas for the employee's personal vehicles.  It is not appropriate, however, for this Court to make credibility determinations, weigh the evidence, or draw inferences from the facts at this stage, as those are jury functions.  Anderson, 477 U.S. at 255.  Thus, it would be up to a jury to determine what set of facts to believe or which individuals statements they wished to believe.

This Court, however, need not allow this issue to go to a jury.  In finding that an employee driving to and from work was not within the scope of employment, the West Virginia Supreme Court stated that "[t]his is true even though the car driven by the employee is used in his work and partly maintained by the employer." Courtless, 507 S.E.2d 136, 142 (1998) (citing Foremost Dairies, Inc. of the South v. Godwin, 26 So.2d 773 (1946)).  Thus,

this Court finds that merely providing gas to defendant Temple is not enough to allow a finding that he was acting within the scope of his employment at the time of the accident. Accordingly, because this Court finds that there are no special circumstances that allow for a deviation from the general rule that going to and coming from work is not within the scope of employment, this Court finds that defendant Temple was not acting within the scope of employment. Thus, the plaintiffs cannot sustain a cause of action against Apex based on the doctrine of respondeat superior.

## V.   Conclusion

For the reasons stated above, Apex Pipeline Services, Inc.'s motion for summary judgment (ECF No. 49) is hereby GRANTED. As the parties dismissed the other claims asserted in this matter against defendant Temple, the Clerk is DIRECTED to dismiss this civil action and strike it from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   November 21, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE